## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | |
|---|---|
| FINALROD IP, LLC, and R2R AND D, LLC d/b/a SUPEROD,<br><br>     Plaintiffs/Counterclaim Defendants<br><br>v.<br><br>JOHN CRANE, INC, and JOHN CRANE PRODUCTION SOLUTIONS, INC.,<br><br>     Defendants/Counterclaim Plaintiffs. | Case No.: MO:15-CV-00097-DAE<br><br>JURY TRIAL DEMANDED |

## MEMORANDUM IN SUPPORT OF JOHN CRANE, INC. AND JOHN CRANE PRODUCTION SOLUTION, INC.'S RESPONSE TO PLAINTIFFS' RULE 54(b) MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER ON DEFENDANTS' MOTION TO DISQUALIFY

Defendants/Counterclaim Plaintiffs John Crane, Inc. and John Crane Production Solutions, Inc., (hereinafter "John Crane" or "Defendants") file this memorandum in support of their Response to Plaintiffs/Counterclaim Defendants Finalrod IP, LLC, and R2R and D, LLC's (hereinafter "Finalrod" or "Plaintiffs") Rule 54(b) Motion for Reconsideration ("Motion") (Dkt. No. 44) of this Court's Order granting Defendants' Motion to Disqualify. Dkt. No. 40, Order. Because Plaintiffs' motion does nothing more than re-urge arguments that this Court considered and rejected, there is no basis for reconsideration and the motion should be denied.

## I.   BACKGROUND  AND STATEMENT OF THE CASE

Finalrod filed suit against John Crane on June 29, 2015, and alleges patent infringement of the '162 and '951 patents.[1]  *See* Dkt. Nos. 1 and 18.  John Crane counterclaimed that Finalrod

---

[1] The patents asserted by Finalrod are US Pat. Nos. 8,851,162 ("the '162 patent") and 9,045,951("the '951 patent").

infringed its '431 and '277 patents,[2] and later dismissed its counterclaims regarding the '277 patent.  *See* Dkt. Nos. 9 and 30.

On September 23, 2015, John Crane filed a Motion to Disqualify the Matthews Firm as counsel for Finalrod based on its prior work regarding the '431 patent and other related work it performed for John Crane.  Dkt. No. 19.  This Court held a hearing on December 8, 2015, at which time each party had the opportunity to further argue their respective positions.  Dkt. No. 39, Minute Entry of Hearing.  The Court granted the motion to disqualify on December 9, 2015. Dkt. No. 40.

## II.    ARGUMENT

### A.    **Plaintiffs' Motion to Reconsider is Improper**

To justify a motion to reconsider the movant must show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  But motions for reconsideration "cannot be used to raise arguments that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008). Indeed, courts have stated that "[m]otions to reconsider based on recycled arguments only [serve] to waste the resources of the court, and are not the proper vehicle to [rehash] old arguments or [advance] legal theories that could have been presented earlier."  *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (quoting *State of Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) and *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994)) (internal citations omitted).

---

[2] The patents asserted by John Crane in this matter are US Pat. Nos. 6,193,431 ("the '431 patent") and 8,113,277("the '277 patent").  The '277 patent has been dropped from John Crane's counterclaims.

Plaintiffs here argue that reconsideration is warranted because "the Court's Order contains manifest errors of both law and fact."  Motion at 3.  In particular, Plaintiffs claim this Court erred in three respects.  First, Plaintiffs contend that the Order contains manifest errors of law by "blurring" the lines between the "substantial relationship" and "confidential information" tests.  Second, they contend that the Court erroneously interpreted the evidence.  In particular, Plaintiffs claim that Supreme Court precedent mandates that this Court find that the Matthews Firm does not have any confidential information.  Finally, they argue that the application of the correct test would not lead to disqualification.  None of these arguments have merit.

Plaintiffs' first argument is wrong as this Court applied the correct standards.  Plaintiffs' remaining two arguments simply recycle their prior arguments and should be rejected for that reason alone.  In all events, this Court's reasoning was correct and there is no reason to disturb the disqualification order.

### B.  The Court Correctly Applied Texas Rule 1.09

Plaintiffs first argue that this Court failed to apply the separate tests laid out in Rule 1.09(a)(2) and (3).  Plaintiffs purport to place the alleged error on the fact that they were "not as clear as [they] could have been in distinguishing the two distinct grounds of disqualification."  Dkt. No. 44, Motion at 3.  Whether or not Plaintiffs think they were clear is irrelevant.  What is important is that this Court correctly applied Rule 1.09.

In ruling on Defendants' motion, the Court determined that Rule 1.09(a)(2) and (3) applied.  In applying those Rules, this Court followed the Fifth Circuit's admonition that "[t]he rule of disqualification is not mechanically applied in this Circuit."  *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995) (quoting *Church of Scientology of Ca. v. McLean*, 615 F.2d 691, 693 (5th Cir. 1980)).  Rather, "[a]ll of the facts particular to a case must be considered,

in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *Id.* The Court did just that here.

In applying Rule 1.09(a)(3) and the substantial relationship test, the Court stated that an assignment alone is not sufficient to demonstrate that two representations are substantially related. Dkt. No. 40, Order at 11. The Court did not rely only on the assignment, however, and instead examined the entire record in concluding that the "[d]efendants have submitted evidence demonstrating that the firm's application and prosecution of the '431 patent is substantially related to the matters raised by Defendants' infringement counterclaim." Dkt. No. 40, Order at 12. In briefing, Defendants submitted over 100 pages of detailed billing and the file histories of the patents that evidence work done by the Matthews firm on the '431 patent. *See* Dkt. No 20 at 6. Defendants' briefing also pointed to the specific bills within the record that demonstrated the work done related to sucker rods and/or the '431 patent. Dkt. No. 29 at 2. During argument, Defendants further highlighted the specific evidence supporting disqualification as well as the basis for finding that the two representations are substantially similar. Dkt. No. 42, Hearing Transcript at 18:9-18, 20:13-25, and 21:3-12. This Court's order properly relied on that evidence. Dkt. No. 40, Order at 12-13.

The Court went on to discuss an alternative ground for disqualification under Texas Rule 1.09(a)(2),[3] explaining that "a former client c[an] also disqualify counsel by showing that his former attorney possessed relevant confidential information in the manner contemplated by Rule 1.09(a)(2)." *See* Dkt. No. 40, Order at 12, citing *In re Am. Airlines, Inc.*, 972 F.2d 605, 615 (5th Cir. 1992). The Court explained that since "defending an infringement claim against Defendants would involve application of the proprietary and confidential information the Matthews firm obtained in applying for and prosecuting the '431 patent, then such information would be

---

[3] This test is tied to Texas Rule 1.05(b)(3), and is discussed in the briefing. (*See* Dkt. No. 19 at 4.)

adverse to Defendants should the Matthews firm continue representing Plaintiffs." *Id*. Ultimately the Court concluded that "this evidence suggests that the Matthews firm played an integral part in the application process for the '431 patent, thereby obtaining confidential and proprietary information concerning that patent." *Id*. That conclusion was correct and well supported by the record.

Thus, the Court's application of the law regarding Texas Rule 1.09 was neither blurred nor erroneous. The Court correctly laid out the two tests and applied them.

### C.     *Commil* Does Not Apply

Plaintiffs also argue that the Court's decision is contrary to Supreme Court precedent and cite a recent case, *Commil USA, LLC v. Cisco Systems, Inc.,* 135 S. Ct. 1920 (2015). Dkt. No. 44, Motion to Reconsider at 6-7. As an initial matter, *Commil* is not a new decision but instead was decided in May 2015. Thus, it could have and should have been raised in Plaintiffs' initial briefing. *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008). But even if this Court reaches Plaintiffs' new argument, *Commil* is not applicable to the issues here.

Plaintiffs argue that *Commil* bars this Court from concluding that "Defendants have submitted evidence demonstrating that the firm's application and prosecution of the '431 patent is substantially related to the matters raised by Defendants' infringement counterclaim." Dkt. No. 40, Order at 12. While Plaintiffs are right that infringement and validity are separate issues, they go too far when they argue that evidence regarding the '431 patent, its prosecution and the scope of the claims will not be at issue in this case. The Court correctly rejected Plaintiffs' reasoning (whether explicitly considering *Commil* or not) "[b]ecause defending an infringement claim against Defendants would involve application of the proprietary and confidential information the Matthews firm obtained in applying for and prosecuting the '431 patent, then

such information would be adverse to Defendants should the Matthews firm continue representing Plaintiffs." Dkt. No 40, Order at 12.

Defendants agree that "infringement and invalidity are separate matters under patent law," as *Commil* states. But that does not resolve the issue of disqualification. For example, during oral argument Defendants stated:

> "Now, we haven't gotten into a lot of the merits yet, but if they're going to argue not[non] infringement of our patent, they're going to have to talk about the scope of the claims based on the specification, based on the prosecution history. Those are all things that they wrote, and, supposedly, I would assume, advised their client about. So there's going to be very, very detailed information that they're going to come forward with about the inventorship's story behind this, how the claims are supposed to be read, and you just can't untangle that"

Dkt. No. 42, Hearing Transcript at 21:3-12.

To be sure, Plaintiffs have waived any argument about the validity of the '431 patent. *See* Dkt. 20 at 7 ("Plaintiffs have not challenged the validity of the '431 Patent or the '277 Patent, and are estopped from doing so in this case"). But this Court was right when it concluded that "Defendants have submitted evidence demonstrating that the firm's application and prosecution of the '431 patent is substantially related to the matters raised by Defendants' infringement counterclaim." Dkt. No 40, Order at 12.

That conclusion does not rest on some purported confusion between validity and infringement. Rather, it rests on the reality that infringement here will necessarily involve confidential information gathered in the course of prosecuting the '431 patent. Indeed, Plaintiffs cannot dispute that key issues in this case will center on the '431 patent or that the Matthews Firm received confidential and proprietary information while serving as prosecution counsel for the '431 patent. Neither can they contest that the Matthews Firm received detailed information of the metes and bounds of this invention as well as the invention's history, including its conception through to reduction to practice. Thus, whether infringement and validity are

separate does not alter this Court's conclusion that the Matthews Firm should be disqualified based on its prior representation.  Dkt. No. 40, Order at 13.

   D. **Plaintiffs Remaining Arguments simply Re-hash Previous Arguments**

   Plaintiffs continue to re-hash old arguments in their final portions of the briefing.  They argue that the Court's conclusion about confidential information was manifest error (at 7-8) and that no attorney client relationship existed (at 10) even though it has already been argued in their briefing and at the hearing.  *See* Dkt. No 20, Response Motion at 3-4; Dkt. No. 42, Hearing Transcript at 8:15-9:22.  Plaintiffs go on to again argue the substantial relationship points and confidentiality points previously raised.  Motion at 10-11.  These arguments have been raised and resolved before.  Dkt. No. 40, Order at 13-14.  There is no reason to revisit these issues and indeed Plaintiffs should not have spent this Court's scare time in re-urging them.  *Krim*, 212 F.R.D. at 331 ("[m]otions to reconsider based on recycled arguments only [serve] to waste the resources of the court, and are not the proper vehicle to [rehash] old arguments or [advance] legal theories that could have been presented earlier." ) (citation and quotation marks omitted).

## III. CONCLUSION

   Based on the foregoing, this Court should deny Plaintiffs' Motion for Reconsideration.

Dated: January 22, 2016

Respectfully submitted,

By: */s/ Craig A. Stanfield*
    Craig A. Stanfield
    Texas Bar No. 24051371
    Ryan B. McBeth
    Texas Bar No. 24078955
    Nicholaus E. Floyd
    Texas Bar No. 24087524
    Morgan, Lewis & Bockius LLP
    1000 Louisiana Street, Suite 4000 Houston, TX 77002-5005
    Tel: (713) 890-5000
    Fax: (713) 890-5001
    E-mail:  cstanfield@morganlewis.com
    E-mail:  rmcbeth@morganlewis.com
    E-mail:  nfloyd@morganlewis.com

    Jason C. White *(Admitted pro hac vice)*
    Morgan, Lewis & Bockius LLP
    77 W. Wacker Drive, Ste. 500
    Chicago, IL  60601
    Tel:  (312) 324-1000
    Fax:  (312) 324-1001
    E-mail:  jwhite@morganlewis.com

    *Attorneys for Defendants/Counterclaim Plaintiffs John Crane, Inc. and John Crane Production Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served via CM/ECF on

January 22, 2016 upon all counsel of record.

*/s/ Craig A. Stanfield*
Craig A. Stanfield
