**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| FINALROD IP, LLC AND R2R AND D, LLC d/b/a SUPEROD, | § | |
| | § | CIVIL ACTION NO. 7:15-cv-00097 |
| Plaintiffs/Counter-Defendants, | § | |
| | § | JURY TRIAL DEMANDED |
| v. | § | |
| | § | |
| JOHN CRANE, INC. AND JOHN CRANE PRODUCTION SOLUTIONS, INC., ENDURANCE LIFT SOLUTIONS, INC. | § | |
| | § | |
| Defendants/Counter-Plaintiffs. | § | |

## PLAINTIFFS' MOTION TO COMPEL MEDIATION

NOW COMES Plaintiffs Finalrod IP, LLC and R2R and D, LLC ("Plaintiffs"), through undersigned counsel, hereby files this Motion to Compel Mediation to prevent Defendants John Crane, Inc.'s, John Crane Production Solutions, Inc.'s and Endurance Lift Solutions, Inc.'s ("Defendants") new counsel, who have been associated with this case for less than a month, from postponing an agreed mediation for a second time. Specifically, the parties have agreed to a mediator, a location, and date twice. The Dentons law firm joined the case less than a month ago and has already unilaterally withdrawn from all previous agreements relating to mediation. However, after agreeing to a new mediator and date, the Dentons' firm is threatening to withdraw from its agreed mediation, once again. Plaintiffs respectfully request this Court to compel the parties to mediation and to prevent Defendants' counsel from withdrawing from a second agreement.

## I. BACKGROUND AND ARGUMENTS

On September 2, 2018, this Court ordered the parties to mediation. *See* ECF 169. At that point this case had been pending for over three (3) years. The Court further ordered that the parties jointly submit a report containing details regarding the agreed location, date, and chosen mediator for such mediation by September 7, 2018. *Id*. The parties complied with this Court's Order. That is, until the Dentons law firm joined the litigation on or around November 1, 2018 and withdrew all agreements surrounding mediation that had been made to date. After attempting to work with the new law firm to reschedule mediation after an undisclosed and alleged conflict with the mediator Defendants originally proposed to Plaintiffs, the Dentons firm is now threatening to put off mediation once again because Plaintiffs will not agree to allow Defendants to continue to withhold documents that were due on October 13, 2018. Defendants, through their new firm (Dentons), should not be allowed to hold the scheduled mediation hostage where the new date, location, and mediator have all been agreed to by the Defendants.

### A. The Dentons' Disruption of the First Scheduled Mediation

On September 6, 2018, Plaintiffs proposed two individuals to serve as mediator for this case. *See* Exhibit A at 4. Also on September 6, 2018, Defendants' proposed three additional names. *Id*. Among the names Defendants proposed was the Honorable Judge David Folsom (ret.). Plaintiffs agreed to mediate with Judge Folsom. On September 7, 2018, pursuant to this Court's Order [ECF 169], the parties submitted a Joint Notice Regarding the Selection of a Mediator signed by all parties in this case. *See* ECF 176.

After the parties spent time and resources further negotiating the logistics, and scheduling around the availability of Judge Folsom, the parties agreed to mediate this case in Midland, Texas on November 13, 2018. *See* Exhibit B at 1. On September 17, 2018, the parties filed a Joint Notice Regarding Updated Information on the Selection of a Mediator updating the Court on the additional information that was requested in ECF 169. *See* ECF 181. On September 18, Judge

Folsom's assistant sent notice to the parties confirming the mediation and setting forth deadlines for submission of the parties' Confidential Mediation Statement. *See* Exhibit C.

The parties then proceeded to make travel arrangements and prepare for the upcoming mediation with Judge Folsom. Judge Folsom also confirmed traveling arrangements from Texarkana, Texas to Midland, Texas to conduct the mediation. The parties also submitted their Confidential Mediation Statements on October 30, 2018 as requested by Judge Folsom.

On about November 1, 2018, Plaintiffs' counsel received a phone call from an attorney associated with the Dentons law firm stating that one of the Defendants had a conflict with Judge Folsom. Until this call, the Dentons were not involved in this litigation in any way. On November 2, 2018, Defendants' counsel notified Judge Folsom that a conflict had been disclosed and Defendants were unable to proceed. *See* Exhibit D. Despite numerous attempts to request information about the conflict, or even which party had the conflict, no information was provided to Plaintiffs' counsel. Defendants have failed to disclose any conflict. Notwithstanding, Plaintiffs agreed to find a new mediator and new mediation date despite the amount of time and resources spent arranging for this mediation and preparing the mediation statements.

**B. The Dentons' Firm Has Threatened to Postpone Mediation Again**

The parties have now doubled their effort and selected a new mediator, and agreed to a new date and location. On November 21, 2018, the parties agreed to mediate with Judge Faulkner on December 18, 2018 in Midland, Texas. *See* Exhibit E.

However, Defendants' counsel has now threatened to postpone mediation once again simply because Plaintiffs will not agree to amend the current scheduling order in a way that places the Plaintiffs in a bind and moves each and every date set by this Court. *See* Exhibit F. The reason why Plaintiffs have not agreed to amend the scheduling order is because Defendants'

deadline to produce documents responsive to Plaintiffs' Requests for Production relating to the Series 300 was October 13, 2018. *See* Exhibit G at 1. As of this date, Plaintiffs have not received any documents or emails relating to the design and development of the Series 300. The day before the Dentons firm made their presence known (Oct. 31), Plaintiffs' counsel received notice from Defendants' then counsel that Defendants' documents were ready for immediate production.[1] *See* Exhibit H. Plaintiffs are entitled to those documents and have merely requested that they be produced – especially since they have been ready for production for a month. Defendants' new firm thinks otherwise. Plaintiffs requested that these documents be produced immediately in order to continue the discussion of potentially extending the current deadline. *See* Exhibit F at 2. Defendants' new counsel (Dentons) have refused to do so unless we agree to their proposed schedule changing *every* deadline currently set in this case to accommodate the new counsel's entry into the case and to make us agree that Defendants can continue to intentionally withhold documents for at least another 10 days – despite Defendants' documents already being 76 days overdue. *See* Exhibit E at 2.

Notwithstanding the fact that Defendants are violating their discovery obligations, Plaintiffs cannot agree to any particular date until the volume of documents that will be produced are known.[2] If a high volume of emails are produced, Plaintiffs cannot be prepared to review and depose all necessary individuals within the three week period proposed by Defendants' new counsel, which is their intent. Likewise, if Plaintiffs agree to wait even longer to data files that

---

1 Plaintiffs' counsel have not receive any communication from Defendants' co-counsel (Morgan Lewis), despite the ongoing discussions and negotiations that were taking place at the time the Dentons attorneys joined the case. Plaintiffs believe Morgan Lewis has been instructed not to communicate with Plaintiffs' counsel, making this transition all the more difficult because it negates all progress made between the parties' counsel prior to the Dentons' presence.

2 Plaintiffs are certainly willing to discuss any necessary extension of the current deadlines, but cannot do so until Defendants have fulfilled their discovery obligations.

are necessary for Plaintiffs' expert to perform any analysis of tests performed on the accused device, Plaintiffs will be prejudice with the possibility of not being able to perform the proper analysis to prepare for cross-examination of Defendants' experts or engineers that performed the tests. It is unreasonable to force Plaintiffs to agree to set deadlines while Defendants are intentionally withholding potentially voluminous documents to be produced. And to threaten to postpone mediation simply because Plaintiffs will not agree to Defendants' discovery abuse by intentionally withholding documents is equally unreasonable.[3]

Furthermore, Defendants' new counsel's request to "meet and confer" on these issues prior to producing the outstanding documents is not a reasonable request. Plaintiffs' counsel and Defendants' co-counsel, Morgan Lewis, have been discussing these and other issues for months and had made agreements regarding mediation, outstanding discovery, and many other issues – all of which have been undone by the Dentons' firm. Plaintiffs will not begin from scratch after spending 100s of hours meeting and conferring with Defendants' counsel over the last three months.

## II. CONCLUSION

Because Defendants have no legitimate basis for postponing the (first or) second agreed mediation, Plaintiffs respectfully request this Court to Order the parties to mediate with Judge Faulkner on December 18, 2018 in Midland, Texas as the parties have previously agreed to do.

3 Plaintiffs anticipate filing a motion to compel by the end of the week to address Defendants' discovery abuse.

DATED: November 28, 2018

RESPECTFULLY SUBMITTED,

/s/*John D. Holman* __
Guy E. Matthews
TX Bar No. 13207000
Terry Joseph
TX Bar No. 11029500
John D. Holman
TX Bar No. 24082232
David M. Lodholz
TX Bar No. 24070158
**MATTHEWS, LAWSON, MCCUTCHEON, & JOSEPH, PLLC**
2000 Bering Drive, Suite 700
Houston, Texas 77057
TEL: (713) 355-4200
FAX: (713) 355-9689
gmatthews@matthewsfirm.com
tjoseph@matthewsfirm.com
jholman@matthewsfirm.com
dlodholz@matthewsfirm.com

and

A. Harper Estes
TX Bar No. 00000083
Lisa K. Hooper
TX Bar No. 24047282
**LYNCH, CHAPPELL & ALSUP, P.C.**
The Summit, Suite 700
300 North Marienfeld
Midland, Texas 79701
TEL: (432) 683-3351
FAX: (432) 683-2587

**CERTIFICATE OF CONFERENCE**

Pursuant to this Court's Order [ECF 169], Plaintiffs' counsel conferred with Defendants' counsel on multiple occasions during September, October, and November 2018. The parties have, in fact, agreed to the date, location, and mediator twice. Defendants' newly enrolled counsel continued these discussions after withdrawing from all previous agreements. Defendants' counsel has now threatened to withdraw from the present agreements relating to mediation. As such, this motion is being filed opposed.

*/s/John D. Holman* _

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed on this 28th day of November, 2018, pursuant to the electronic filing requirements of the United States District Court for the Western District of Texas, which provide for service on counsel of record in accordance with the electronic filing protocols in place.

*/s/ John D. Holman* ___