

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FINALROD IP, LLC, and R2R AND D, LLC d/b/a SUPEROD, *Plaintiffs/Counterclaim Defendants* § § § § | |
| v. § § | CASE NO. 7:15-CV-00097-ADA |
| JOHN CRANE, INC., JOHN CRANE PRODUCTION SOLUTIONS, INC. and ENDURANCE LIFT SOLUTIONS INC., *Defendants/Counterclaim Plaintiffs* § § § § § § | |

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment, which was filed on April 5, 2019. Document Number 238. Plaintiffs filed a Response on April 18, 2019. Document Number 246. Defendants filed a Reply on April 25, 2019. Document Number 251. After carefully reviewing the Parties' briefs, the Court finds that Defendants' Motion should be denied for the following reasons.

### Relevant Facts

On September 29, 2017, the Parties provided their proposed construction for the claim terms that are in dispute for the '951 Patent, '757 Patent, and '431 Patent. Document Number 84. In the Joint Claim Construction and Prehearing Statement, Defendants asserted that the "compressive force" limitations were indefinite. Document Numbers 84–1, 84–2. On December 8, 2017, the Parties filed a Supplemental Joint Claim Construction and Prehearing Statement, which limited the number of disputed terms. Document Number 87. In this Statement, Defendants withdrew their contention that the "compressive force" limitations were indefinite. Document Numbers 87–1, 87–2. Defendants did not assert that the "compressive force" limitations were indefinite at any point

1

after December 8, 2017 until they filed this Motion for Summary Judgment on April 4, 2019. This is made evident from Defendants' claim construction briefs, which make no mention that "compressive force" limitations in either the '951 Patent or '757 Patent were indefinite. *See* Document Numbers 89, 93, 98, 195.

Notwithstanding the foregoing, Defendants claim in their Motion for Summary Judgment that the asserted claims of the '951 Patent and the '757 Patent are invalid for indefiniteness. Defs.' Mot. Summ. J. at 19. Specifically, Defendants claim that "Plaintiffs' patents provide no information about how to identify and measure [] 'compressive forces' to ascertain where they are greatest." *Id.* at 1.

## Analysis & Conclusion

### A. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.

1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

The court will view the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue of material fact for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

Further, patent invalidity based on "[i]ndefiniteness is a question of law." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1341 (Fed. Cir. 2015). As such, courts have explained that it is appropriate to address indefiniteness at the summary judgment stage. *Versata Software, Inc. v. Zoho Corp.*, 213 F. Supp. 3d 829, 834 (W.D. Tex. 2016) ("[I]t is both appropriate and necessary to address [Defendant's] indefiniteness argument on summary judgment.").

B. **Application**

The Court finds that Defendants' Motion should be denied because they waived their argument that the "compressive force" limitations were indefinite by failing to raise this issue during the case's claim construction phase. The Federal Circuit holds that an accused infringer waives any argument with respect to the construction of a claim term when they fail to raise that issue during the claim construction phase of a patent infringement action. *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007)

3

("The district court found that [the defendant] waived any argument with respect to this term by *failing to raise it* during the claim construction phase. We agree.") (emphasis added). Here, Defendants withdrew their contention that the "compressive force" limitations were indefinite on December 8, 2017. Document Numbers 87–1, 87–2. Furthermore, Defendants failed to assert that this claim term was indefinite at any point after December 8, 2017 until they filed this Motion on April 4, 2019. *See, e.g.*, Document Numbers 89, 93, 98, 195. Thus, like *Admixture Pharmacy*, Defendants waived their indefiniteness argument regarding "compressive force" limitations because they failed to raise it during the claim construction phase. As such, for the reasons stated above, Defendants' Motion for Summary Judgment should be and hereby is **DENIED**.

**SIGNED** this 30th day of May 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE