IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **FINALROD IP, LLC,  R2R AND D, LLC,** § § § § § § § § § § § § § | | |
| *Plaintiffs/Counter-Defendants* | | MO-15-CV-00097-ADA |
| -v- | | |
| **JOHN CRANE, INC.,  JOHN CRANE PRODUCTION SOLUTIONS, INC., ENDURANCE LIFT SOLUTIONS INC.,** | | |
| *Defendants/Counter-Plaintiffs* | | |

## ORDER DENYING AND GRANTING-IN-PART AND DENYING-IN-PART MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Before the Court are the following five motions for summary judgment:

1) Plaintiffs/Counter-Defendants' (hereinafter "Finalrod") motion for partial summary judgment of non-infringement of U.S. Patent No. 6,193,431.  ECF No. 286.

2) Defendants/Counter-Plaintiffs' (hereinafter "Crane") motion for summary judgment that the accused Series 300 devices do not infringe U.S. Patent Nos. 9,045,951 and 9,181,757.  ECF No. 291.

3) Finalrod's motion for partial summary judgment of no indefiniteness, no lack of written description, and no lack of enablement with respect to the '951 and '757 Patents.  ECF No. 295.

4) Crane's motion for summary judgment of non-infringement of the '757 Patent.  ECF No. 302.

5) Finalrod's motion for partial summary judgment of no anticipation and non-obviousness of the '951 and '757 Patents, and motion to strike the alleged TRC end fitting as prior art.  ECF No. 304

The Court scheduled a hearing on February 21, 2020 for these motions and five motions to strike the opinions and testimony of various experts.

After carefully reviewing the motions, and the corresponding responses and replies, the Court **DENIES** the first, second, fourth, and fifth motions because the non-movant has raised at least one genuine issue of material fact.

For the third motion (Finalrod's motion for partial summary judgment of no indefiniteness, no lack of written description, and no lack of enablement with respect to the '951 and '757 Patents), the Court **GRANTS-IN-PART** and **DENIES-IN-PART** that motion. More specifically, the Court **GRANTS** Finalrod's motion with respect to no indefiniteness because Defendants did not timely raise indefiniteness as an issue during claim construction, as the Court described in an earlier summary judgment motion. ECF No. 264 at 3 ("The Federal Circuit holds that an accused infringer waives any argument with respect to the construction of a claim term when they fail to raise that issue during the claim construction phase of a patent infringement action."). But the Court **DENIES** Finalrod's motion with respect to lack of enablement and written description because the non-movant has raised at least one genuine issue of material fact.

**SIGNED** this 18th day of February, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE