IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| Finalrod IP, LLC and R2R and D, LLC d/b/a Superod, § § § § § Plaintiffs/Counter-Defendants, § § v. § § John Crane, Inc. and John Crane Production § Solutions, Inc., and Endurance Lift § Solutions, Inc. § § Defendants/Counter-Plaintiffs. | CIVIL ACTION NO. 7:15-cv-00097 JURY TRIAL DEMANDED |

**PLAINTIFFS' RULE 54(b) MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**

NOW INTO COURT, through undersigned Counsel, comes Plaintiffs Finalrod IP, LLC and R2R and D, LLC (collectively, "Superod"), who, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, file this Motion for Reconsideration ("Motion") of this Court's Order (ECF 368; "Order") Granting Defendants John Crane, Inc., John Crane Production Solutions, Inc., and Endurance Lift Solutions, Inc.'s (collectively, "Defendants") Motion to Exclude Certain Opinions and Testimony of Chris Hetmaniak [ECF 293].

I.  **INTRODUCTION AND SUMMARY OF ARGUMENTS**

The history of the present case is discussed in detail in various briefs filed by the parties, and rehashing the history is not an efficient use of the Court's time. Superod will address only the relevant recent history that has led to the present motion.

Defendants filed a motion to exclude Mr. Hetmaniak's opinion and testimony [ECF 293] on the following five (5) limitations:

1. "Compressive forces" limitations as they pertain to the FEA of the prototype Series 300;

2. "compensate for back pressure associated with the sucker rod";

3. "define a…distribution of force";

4. The "ratio" limitations of the leading and trailing edges;

5. The "obtuse" limitations of the angle in each wedge.

At the February 21, 2020 Motions Hearing, the Court only addressed number 1, and only as it relates to Plaintiffs' infringement claims against the Series 300. However, the Court's Order [ECF 368] appears to exclude Mr. Hetmaniak's opinions and testimony on *all five limitations,* without giving any reason for the exclusion. Furthermore, because Defendants' Motion arguably included the Series 200, the Court's blanket Order appears to exclude Mr. Hetmaniak from testifying at trial on Plaintiff's infringement claims against the Series 200, which was not even the subject of the Motions Hearing. Plaintiffs' entire infringement case against both the Series 200 and Series 300 arguably was terminated by the Court's Order.

Although this Court's Order arguably covers the entirety of Defendants' Motion, Plaintiffs will address herein the "compressive forces" limitation, on which the Court focused at the hearing on Defendants' Motion and on which Plaintiffs understood the Court based its decision to grant Defendants' Motion.  For the reasons set forth below, Plaintiffs respectfully request this Court to reconsider and revise its Order to correct the manifest errors of law and fact, and after application of the proper analysis, deny Defendants' Motion to Exclude Certain Opinions and Testimony of Chris Hetmaniak.

## II.  ARGUMENTS AND AUTHORITIES

The Court is well familiar with the rules regarding its role as gatekeeper.  If "the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**
Civil Action No. 7:15-cv-97
U.S. District Court, Western District of Texas, Midland Division

Page **2** of **12**

of facts underlying one expert's testimony." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003). "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." Id. (citing Advisory Committee note to Rule 702). "Simply because other reliable methods of estimating a reasonable royalty may exist does not, by itself, render (an expert's) approach inadmissible." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1318 (Fed. Cir. 2014). "The trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003).

Plaintiffs file this Motion to Reconsider the Court's Order excluding the opinion and testimony of Mr. Hetmaniak as it pertains to the above five limitations. The granting of the motion granted a summary judgment without notice and without giving Plaintiffs an opportunity to develop the factual record. Further, the Court excluded Mr. Hetmaniak's opinions and testimony by utilizing his deposition testimony against him, but not considering deposition testimony containing the information the Court sought to support Mr. Hetmaniak's opinions.

Federal Rule of Civil Procedure 54(b) provides that any non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, the Fifth Circuit has held that "[a]s long as a district ... court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). A party may move for reconsideration under Rule 54(b), and as "many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e)," courts in the Fifth Circuit generally apply the same standards to the two. *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012). Motions to

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**
Civil Action No. 7:15-cv-97
U.S. District Court, Western District of Texas, Midland Division

Page **3** of **12**

alter or amend a judgment under Rule 59(e) serve the purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). Here, respectfully, the Court's order contains manifest errors of both law and fact.

### A. The Order Contains Manifest Errors of Law by Excluding Plaintiffs' Expert's Testimony on *Every Asserted Claim* of the '951 Patent and '757 Patent against *All Accused Products* without the Opportunity to be Heard

Defendants' Motion sought to exclude Mr. Hetmaniak's testimony on at least one limitation from every Asserted Claim against every Accused Product. In granting the Defendants' Motion, this Court's blanket Order excluded testimony on issues that were not raised during the hearing, nor were they addressed in the Order. Nonetheless, the Court's Order appears to exclude all of Hetmaniak's relevant opinions – effectively eliminating all of Superod's affirmative claims against the Defendants and leaving Superod only to defend claims brought by Defendants.

1. <u>The Order Excluded Opinions and Testimony Without Any Basis</u>

It appears the net effect of this Court's Order granting Defendants' motion to exclude is elimination of all of Plaintiffs' infringement claims against all Accused Devices. Specifically, because this Court's Order granted the entirety of Defendants' Motion, it appears to exclude Mr. Hetmaniak from testifying on the following limitations – in addition to the compressive forces limitation:

- "compensate for back pressure associated with the sucker rod" – Eliminating Claim 77 of the '757 Patent asserted against the Series 200 and Series 300

- "define a…distribution of force" – Eliminating *ALL* claims of the '951 Patent against the Series 200 and Series 300

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**
Civil Action No. 7:15-cv-97
U.S. District Court, Western District of Texas, Midland Division

Page **4** of **12**

- The "ratio" limitations of the leading and trailing edges – Eliminating Claim 77 of the '757 Patent asserted against the Series 200 and Series 300

- The "obtuse" limitations of the angle in each wedge – Eliminating Claims 32, 33, and 36 of the '757 Patent asserted against the Series 200 and Series 300.

This Court's one sentence Order prevents, without any reason or explanation, Plaintiffs from presenting expert evidence of infringement at trial for any Asserted Claims against either the Series 200 or Series 300 end fittings – effectively terminating Plaintiffs' entire case against the Defendants on the eve of trial. These limitations were not addressed at the February 21, 2020 Motions Hearing, and they are not directly addressed in the Court's Order. Plaintiffs do not know the reason for excluding Mr. Hetmaniak's testimony on the above limitations.

This Court did not perform its *Daubert* gatekeeping functions and failed to make any determinations with respect to Mr. Hetmaniak's opinions on the above limitations, or provide reason, comment, or any basis for such exclusion. *Bear Ranch, LLC v. Heartbrand Beef, Incorporated*, 885 F.3d 794, 802 (5th Cir. 2018) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)) (the gatekeeper function "imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony…is not only relevant, but reliable.'").

This Court did not make any determinations with respect to Mr. Hetmaniak's opinions on the above limitations, or provide reason, comment, or any basis for such exclusion. This Court addressed Mr. Hetmaniak's use of an FEA on a Series 300 prototype, and then excluded testimony on all the above limitations that are unrelated to the dispute raised by Defendants' in their Motion on the Series 300 FEA. Specifically, the Court stated that its reason for granting Defendants' Motion is because Plaintiffs' "expert doesn't just get to come in and say, I used a prototype and

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**
Civil Action No. 7:15-cv-97
U.S. District Court, Western District of Texas, Midland Division

Page 5 of 12

trust me, that's okay. He needs to articulate why it's okay to use the prototype."[1] This basis is clearly unrelated to the above limitations or the Series 200 end fitting, as no prototype was used in Mr. Hetmaniak's infringement analysis of the Series 200.

Furthermore, the *Daubert* gatekeeping "obligation requires a district court to make a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts at issue.'" *Id*. (quoting *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)); see also Fed. R. Evid. 702. This Court completed no assessment of Mr. Hetmaniak's opinions of the above limitations. Instead, the Court's Order improperly excludes the opinions without any analysis or determination – resulting in a manifest legal error that should be reconsidered.

    2. <u>With Respect to the Compressive Forces Limitation, the Court Denied Defendants' Motion for Summary Judgment that was Based on the EXACT SAME Arguments Asserted in Their Motion to Exclude</u>

Defendants filed a motion for partial summary judgment of no infringement of the Series 300 based on the exact same arguments presented in their Motion to Exclude: 1) an FEA is required to determine compressive forces; and 2) Mr. Hetmaniak did not perform an FEA on the Series 300.[2] This Court denied that motion, stating that the non-movant has raised at least one genuine issue of material fact.[3]

Furthermore, Plaintiffs opposed Defendants' motion for summary judgment using *solely* Mr. Hetmaniak's opinions contained in his report. In considering Defendants' summary judgment, this Court found that Mr. Hetmaniak's opinions raised at least one genuine issue of material fact.

---

[1]    *See* ECF 366-1, February 21, 2020 Motions Hearing Transcript, at pp. 53-54.

[2]    *See* ECF 291.

[3]    *See* ECF 363.

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**
Civil Action No. 7:15-cv-97
U.S. District Court, Western District of Texas, Midland Division

Page **6** of 12

However, this Court then excluded the same evidence that it found sufficient to defeat summary judgment. These rulings are inconsistent. If Mr. Hetmaniak's report is sufficient to defeat summary judgment, it should be sufficient to survive a *Daubert* challenge.

### B. THE ORDER CONTAINS MANIFEST ERROR OF LAW BY RESOLVING FACTUAL ISSUES AS A MATTER OF LAW

The Order contains errors of law by erroneously making factual findings as a matter of law. Specifically, the Court apparently concluded, as a matter of law, that: 1) an FEA is required for an expert to testify on infringement of the '951 Patent and '757 Patent; and/or 2) Mr. Hetmaniak did not compare the commercialized Series 300 to the FEA prototype Series 300. These factual findings were improperly made as a matter of law, resulting in a manifest error of law.

#### 1. Mr. Hetmaniak Concluded that the Series 300 Infringed the Patents-in-Suit **Without** Use of an FEA

Mr. Hetmaniak never stated in his report, nor his deposition, that an FEA was required to determine whether Defendants' Series 300 end fitting contained the compressive forces necessary to meet the claim limitation. The claim limitation is broad. There is no requirement that a specific numerical value of compressive force be establish at a particular wedge, which is the type of detail that would be seen in an FEA. The claim language only requires proof that the compressive forces are greater at the wedge near the closed end and less at the wedge near the open end of the end fitting. In fact, Mr. Hetmaniak analyzed "the structure and function of the Series 300 end fitting, and the individual parts of the Series 300 end fitting, including their design and functionality," as well as "Machine Drawings" for the 1.0" and 1.25" Series 300 end fittings, and concluded that the '951 Patent and the '757 Patent were infringed,  without the need for any FEA. *See* ECF 293-8, Exhibit E to Defendants' Motion, Mr. Hetmaniak's February 22, 2019 Report at pp. 7 and 15. Mr. Hetmaniak's report provides the following technical description of how the compressive forces

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**
Civil Action No. 7:15-cv-97
U.S. District Court, Western District of Texas, Midland Division

Page **7** of 12

are distributed based on his review of the facts and details relating to the Series 200 and Series 300 end fittings, and on his knowledge and experience:[4]

> When the fiberglass sucker rod is properly assembled, each wedge in the end fitting has a correspondingly fitted epoxy wedge that has been cured in the cavity formed by the wedge in the end fitting. When an axial load is applied to the fiberglass sucker rod, the fiberglass rod displaces very slightly toward the open end of the fitting. When this happens, since they are rigidly bonded to the fiberglass rod, the epoxy wedges displace slightly towards their mating steel wedge surfaces. The innermost wedge (i.e. the wedge nearest the closed end of the end fitting cavity), with the largest angle, builds load first. The largest angle causes the wedging action to initiate first. This is analogous to the case of pushing a crate up a steeper inclined plane: the larger angle leads to a quicker wedging action, with the axial displacement, of driving the epoxy towards the outer surface of the fiberglass rod. This leads to an increased compressive load (i.e. "radial squeeze") on the fiberglass rod via the epoxy. So, as the tensile load on the fiberglass rod continues to cause the deflection of the fiberglass rod within the end fitting cavity, the compressive loading on the rod at that wedge continues to increase as well.
>
> The epoxy has a lower modulus of elasticity compared to the fiberglass rod and the steel. Therefore, it will move and deform more than the steel or the fiberglass rod. As the load is applied to the fiberglass rod, the rod will move slightly (relative to the end fitting) until ultimately a steady state load balance is achieved and the movement/displacement of the fiberglass rod relative to the end fitting ceases. Assuming the epoxy adherence to the fiberglass is effective, the epoxy wedges effectively move into their corresponding steel wedges. This is where the wedge arrangement of the '951 Patent demonstrates it effectiveness.
>
> Once the innermost wedge begins to assume load in this manner, the next wedge, with its slightly smaller angle, will then also begin to assume load in this same manner. Steady state load balance has not been achieved yet and so the fiberglass rod continues to displace relative to the end fitting. As this happens, the second wedge then begins to assume load as well. However, two important events happen. First, since the fiberglass rod is still displacing relative to the end fitting, the first wedge continues to increase compressive load at that point on the fiberglass rod. Secondly, since the second angle is less than the first angle, compressive load is built on the rod at that location, but not as quickly. This effect at the second wedge is analogous to pushing a box up a less steep inclined plane. The net effect is that the compressive load (squeeze) on the rod at the location of the second wedge is less than that of the first wedge location.
>
> The same phenomena will repeat for all subsequent wedges, progressing outward toward the open end of the end fitting. Ultimately, the compressive load (squeeze) on the fiberglass rod is reduced from wedge location to wedge location from the innermost wedge to the outermost wedge. If this progression of angle and

---

[4] *Id*. at pp. 16-17 and 19.

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**
Civil Action No. 7:15-cv-97
U.S. District Court, Western District of Texas, Midland Division

Page **8** of **12**

length differences is maintained as specified in the '951 Patent, this behavior will be maintained, regardless of the number of wedges.

Defendants' Series 300 end fittings perform in the same manner as described and claimed in the '951 Patent.

…

The Series 300 incorporates a wedge system wherein the length of the wedges increases from the innermost wedge to the outermost wedge. As described in the discussion above on the '951 Patent, this arrangement, by design, allows for a force distribution where the compressive force on the fiberglass rod is greatest at the innermost wedge and smallest at the outermost wedge.

Only after concluding that the Series 300 infringes the '951 Patent and the '757 Patent did Mr. Hetmaniak analyze the FEA of the Series 300 prototype for additional support of his opinion. As such, Mr. Hetmaniak's opinion is not dependent upon the FEA of the Series 300 prototype, or any other FEA, and excluding his testimony on infringement of the Series 300 is improper.

2. <u>However, Mr. Hetmaniak Did Compare the Similarities Between the Accused Commercial Series 300 and the FEA on the Prototype Series 300 in His Report</u>

During the February 21, 2020 hearing, this Court requested express language in Mr. Hetmaniak's Report regarding the similarities between the commercial version of the accused Series 300 and the FEA of the prototype Series 300 Mr. Hetmaniak reviewed. *See* ECF 366-1, Exhibit A to Superod's Motion for Leave at 51:24-53:23. Post-hearing review of Mr. Hetmaniak's Report confirmed that he did, in fact, opine on the similarities between the two devices. Specifically, his Report contains the following statements related to the similar characteristics between the Series 300 and the FEA produced by Defendants:[5]



- 

- 

---

[5] *See* ECF 293-8, Mr. Hetmaniak's Feb. 22 Report at p. 21 (emphasis added).

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**
Civil Action No. 7:15-cv-97
U.S. District Court, Western District of Texas, Midland Division



Mr. Hetmaniak provided a detailed analysis of the data extracted from the FEA and results of the FEA in his report. Mr. Hetmaniak also compared those results to the '951 Patent and '757 Patent, as well as the Series 300 to confirm the number of wedges and the geometric profile. This was further explained in his deposition when questioned on the use of the FEA.[6]

Accordingly, because Mr. Hetmaniak's infringement opinion of the Series 300 is fully supported in his Report, exclusion is improper and reconsideration is necessary.

### III. CONCLUSION

Because the Order granting Defendants' Motion to Exclude Certain Opinions and Testimony of Chris Hetmaniak contains both manifest errors of law and fact – effectively granting summary judgment against Superod on the issue of infringement – Plaintiffs request this Court to reconsider and revise its Order to correct such errors, and find that Mr. Hetmaniak's opinion are sufficiently supported by his report – thereby denying Defendants' Motion to Exclude.

---

[6] *See* ECF 325-4, Hetmaniak's Deposition Transcript, at 90:24-91:10 ("

DATED: March 26, 2020

Respectfully submitted,

/s/ *John D. Holman*
Guy E. Matthews
TX Bar No. 13207000
Terry Joseph
TX Bar No. 11029500
John D. Holman
TX Bar No. 24082232
David M. Lodholz
TX Bar No. 24070158
**MATTHEWS, LAWSON, MCCUTCHEON, & JOSEPH, PLLC**
2000 Bering Drive, Suite 700
Houston, Texas 77057
TEL: (713) 355-4200
FAX: (713) 355-9689
gmatthews@matthewsfirm.com
tjoseph@matthewsfirm.com
jholman@matthewsfirm.com
dlodholz@matthewsfirm.com

and

A. Harper Estes
TX Bar No. 00000083
Lisa K. Hooper
TX Bar No. 24047282
**LYNCH, CHAPPELL & ALSUP, P.C.**
The Summit, Suite 700
300 North Marienfeld
Midland, Texas 79701
TEL: (432) 683-3351
FAX: (432) 683-2587

and

Deron R. Dacus
TX Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
TEL: 903-705-1117
FAX: 903-581-2543
ddacus@dacusfirm.com

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**
Civil Action No. 7:15-cv-97
U.S. District Court, Western District of Texas, Midland Division

Page **11** of 12

**Attorneys for  
Plaintiffs/Counter-Defendants,  
Finalrod IP, LLC and R2R and D, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed on this 26th day of March, 2020, pursuant to the electronic filing requirements of the United States District Court for the Western District of Texas, which provide for service on counsel of record in accordance with the electronic filing protocols in place.

/s/ *John D. Holman*

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have complied with Local Rule CV-7(i)'s meet and confer requirement. Defendant/Counter-Plaintiffs' counsel are **opposed** to this motion.

/s/ *John D. Holman*

**MOTION TO RECONSIDER ORDER EXCLUDING OPINIONS AND TESTIMONY OF CHRIS HETMANIAK**  
Civil Action No. 7:15-cv-97  
U.S. District Court, Western District of Texas, Midland Division

Page **12** of **12**